**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1105-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FLORENCE ACQUAIRE,

    Defendant-Appellant.

_____

        Submitted December 5, 2019 – Decided December 23, 2019

        Before Judges Nugent and DeAlmeida.

        On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 03-10-0185.

        Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

        Gurbir S. Grewal, Attorney General, attorney for respondent (Sarah D. Brigham, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant, Florence Acquaire, appeals from an order that denied without an evidentiary hearing her second petition for post-conviction relief (PCR). We affirm.

At the conclusion of a bench trial, a judge convicted defendant of two counts each of healthcare claims fraud, attempted theft by deception, and theft by deception. For those crimes, the judge sentenced defendant to an aggregate seven-year prison term and ordered her to pay restitution. Her conviction was affirmed on appeal. State v. Acquaire, No. A-2932-05 (App. Div. Oct. 31, 2007), certif. denied, 194 N.J. 268 (2008). Defendant's first PCR petition was denied. State v. Acquaire, No. A-1742-09 (App. Div. Jul. 13, 2011) (slip op. at 1), certif. denied, 209 N.J. 98 (2012).

Significantly, in her first PCR petition, defendant argued that "her trial counsel was ineffective for recommending a non-jury trial [and] for not asking the trial judge to recuse himself." Id. at 5. Defendant certified in support of her first PCR petition that her trial counsel should have moved to have the trial judge recuse himself. Defendant also certified that had she known of the judge's "legal difficulties," she would not have consented to a bench trial.

In response, defendant's trial counsel filed a certification addressing her claim that had she known the trial judge "was under investigation by the

Advisory Committee on Judicial Conduct," she would not have agreed to a non-jury trial. Trial counsel asserted the alleged conduct that was the subject of the investigation was not "remotely related to the issues in [defendant]'s case and those charges had no bearing on [the judge's] ability to fairly try [defendant's] case." Moreover, counsel asserted there was nothing that occurred during the trial that gave any indication the judge was prejudiced or biased against defendant.

We affirmed the order that denied defendant's first PCR petition. In doing so, we rejected defendant's arguments concerning waiver of a jury trial.

Four years after the Supreme Court denied certification with respect to her first PCR petition, defendant filed her second PCR petition. This appeal is from the trial court order that denied her second PCR petition. Defendant argues a single point:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO ADVISE DEFENDANT NOT TO WAIVE HER CONSTITUTIONAL RIGHT TO A JURY TRIAL.

In a thorough, well-reasoned written decision that denied defendant's second PCR petition, Judge Sohail Mohammed determined the trial record

3

established defendant knowingly and voluntarily waived her right to a jury trial. Judge Mohammed noted the argument defendant now raises was disposed of in her first PCR petition. See R. 3:22-5 ("A prior adjudication upon the merits of any ground for relief is conclusive . . . ."). The judge also determined defendant failed in her second PCR petition to establish a prima facie case that her counsel was ineffective for failing to advise her not to waive a jury trial and for not informing her about the investigation pending against the trial judge.

We affirm, substantially for the reasons expressed by Judge Mohammed in his written opinion. We add that, as the State argues, defendant's petition is untimely, Rule 3:22-12(a)(2), yet another ground for denying it.

In short, defendant's second PCR petition is procedurally barred and substantively devoid of merit.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION